**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
UNIQUE PHOTO, INC.,

                              Plaintiff,

          - against -

VORMITTAG ASSOCIATES, INC.,

                              Defendant.
----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

CV 08-2682 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       This breach of contract action arises out of an agreement between Unique Photo, Inc. ("Plaintiff" or "Unique") and Vormittag Associates, Inc. ("Defendant" or "VAI") relating to Unique's purchase of a computer management system and a license to use that system. Defendant moved to dismiss Plaintiff's Complaint. *See* DE 19. Judge Feuerstein gave Plaintiff 30 days to file an amended complaint and denied Defendant's motion, without prejudice and with leave to renew once Plaintiff filed its amended complaint. *See* DE 38. Plaintiff filed the Amended Complaint and Defendant once again moved to dismiss the claims asserted therein. *See* DE 44, 51. District Judge Feuerstein referred this matter to me for a Report and Recommendation. For the reasons set forth below, I respectfully recommend to Judge Feuerstein that Defendant's motion be denied in its entirety.

I. **ALLEGATIONS SET FORTH IN THE COMPLAINT**[1]

Plaintiff, a New Jersey corporation, is a retailer and distributor of, *inter alia*, photo equipment and supplies. Am. Compl. ¶ 10. Defendant, a New York corporation, is engaged in the implementation and support of computer management systems for the wholesale distribution industry. *Id.*, ¶ 12. In early 2007, Plaintiff was in the market for a new computer system and contacted Defendant. *Id.*, ¶¶ 12 -13.

On May 15, 2007, after a series of discussions and meetings between the parties (*Id.*, ¶¶ 14-20), Defendant forwarded a proposal to Plaintiff describing the hardware, software, installation, implementation and training services it was recommending to Plaintiff ("the "Proposal"). *Id.*, ¶ 20. Neither party signed the Proposal. *Id.*, ¶ 22. The Proposal was never memorialized in a formal agreement. *Id.*, ¶ 25. The Proposal detailed the cost of each item to be provided as well as estimates of the time it would take to implement the system. *Id.*, ¶ 23.

On June 29, 2007, the parties executed a license agreement, pursuant to which Defendant licensed to Plaintiff S2K Enterprise Edition software to be used on "one IBM iSeries (AS/400) Central Processing Unit"("License Agreement"). *Id.*, ¶ 26 & Exh. C. The License Agreement sets forth the terms and conditions of Plaintiff's use of that software, which was provided by VAI. Am. Compl, Ex. C at 1.

---

[1] For purposes of a motion to dismiss, the Court must accept the allegations in the Amended Complaint as true. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006).

Plaintiff paid Defendant a total of $187,000. Am. Compl. ¶ 6. Of that amount, $96,800 was paid to Defendant pursuant to the terms of the License Agreement. An e-mail dated April 18, 2007 from Joseph Scioscia at VAI to Matthew Sweetwood at Unique (attached to the Amended Complaint at Tab A) breaks down payments to be made by Unique as follows: $29,982.80 for IBM Hardware and Software; $111,800.00 for VAI Application Software; $21,416.85 for Third Party Software. In addition, that e-mail contains the following language:

> I have included some ESTIMATED LEASE numbers in the proposal. . . . You obviously have options to finance the entire project or just the Hardware, or Software . . . Should you be paying cash, to complete this transaction the following is required: 1. Sign and return both copies of the VAI Software License Agreement, . . . VAI requires 100% payment of the software license fee upon contract signing. In addition, all third party hardware and software must be paid in full at contract signing. For the IBM server we require 50% downpayment with the balance at delivery. . . .Implementation costs (programming, training, data conversion, etc.) will be billed as services are performed.

According to the Plaintiff, VAI breached its contract with Unique by (1) missing the year-end deadline for installation of the new system (Am. Compl. ¶¶ 30 - 37); (2) supplying software with many material defects (*Id.,* ¶¶ 38-40); (3) exceeding the cost for implementation of the new system set forth in the Proposal (*Id.,* ¶¶ 41-42); (4) failing to supply adequate technical support and training (*Id.,* ¶¶ 43-48); (5) failing to provide certain services necessary for the installation and implementation of the system (*Id.,* ¶ 49); (6) failing to supply a properly functioning system (*Id.,* ¶¶ 50-53); and (7) failing to provide an operational system as required by the License Agreement (*Id.,* ¶¶ 54-55).

The Amended Complaint sets forth the following causes of action: breach of contract based on the Proposal (Count One); promissory estoppel (Count Two); breach of contract based upon the License Agreement (Count Three); unjust enrichment/restitution (Count Four); breach of warranty (Count Five); and breach of implied warranty of fitness for a particular purpose (Count Six). Defendant has moved to dismiss each of the claims asserted against it. Defendant argues that the entirety of the agreement between the parties is set forth in the License Agreement and that agreement, with its merger clause and warranty disclaimer, preclude each of Plaintiff's claims.

## II. DISCUSSION

### A. Standard Of Review

A court may grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) only when "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 101 (2d Cir. 2003) (internal quotations and citations omitted). Under the two most recent pronouncements by the United States Supreme Court, namely *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009), the Court must consider two requirements when adjudicating a motion to dismiss. "First, although the Court must still accept factual allegations as true, it should not credit 'mere conclusory statements' or 'threadbare recitals of the elements of a cause of action.'" *Stephenson v. Citco Group Ltd.,* No. 09-CV-00716, 2010 WL 1244007, at *16 (S.D.N.Y. Apr. 1, 2010) (quoting *Iqbal*, 129 S.Ct. at 1949). A plaintiff's burden to set forth the grounds of his "entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.; see Arar v. Ashcroft,* 585 F.3d 559 (2d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. S*ee also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Austen v. Catterton Partners V, LP.,* No. 3:09-CV-1257, 2010 WL 625389, at *2 (D. Conn. Feb. 17, 2010).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must look to the allegations on the face of the complaint, but may also consider "[d]ocuments that are attached to the complaint or incorporated in it by reference. . . ." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Gillingham v. GEICO Direct*, No. 06-CV-2915, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (noting that a court considering a motion to dismiss "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint") (internal quotation marks and citation omitted). Here, Plaintiff has attached the following documents to the Amended Complaint, each of which may be considered for purposes of the motion to dismiss:

- e-mail dated Jan. 18, 2007 from Joseph Scioscia, VAI to Matt Sweetwood at Unique, two emails dated Jan. 22, 2007 from Joseph Scioscia, VAI to Matt Sweetwood at Unique, e-mail dated Apr. 18, 2007 from Joseph Scioscia, VAI to Matt Sweetwood at Unique (Am. Compl., Ex. A)
- Proposal dated May 15, 2007 from VAI to Unique (Am. Compl., Ex. B)

5

- Contract, dated May 15, 2007 from VAI to Unique (Am. Compl., Ex. C)

- e-mail dated June 14, 2007 from Joseph Scioscia, VAI to Matthew Sweetwood at Unique (Am. Compl., Ex. D)
- e-mail dated Aug.14, 2007 from Rich Van Helden, VAI to Joseph Scioscia, VAI (Am. Compl., Ex. E)
- e-mail dated Aug.15, 2007 from Joseph Scioscia, VAI to Rich Van Helden, VAI (Am. Compl., Ex. F)
- e-mail dated Aug.23, 2007 from Rich Van Helden, VAI to Matthew Sweetwood, Unique (Am. Compl., Ex. G)
- e-mail dated Mar.25, 2008 from Bob Giustino, VAI to Rich Van Helden, VAI (Am. Compl., Ex. H).

B. **Breach of Contract**

Under New York law, to establish a breach of contract claim, a plaintiff must prove: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui,* 91 F.3d 337, 348 (2d Cir. 1996); *see also Nordic Bank PLC v. Trend Group, Ltd.*, 619 F. Supp. 542, 561 (S.D.N.Y. 1985) (listing elements for a breach of contract claim in New York). To withstand a motion to dismiss, a breach of contract claim must allege the terms of the agreement, the consideration, the plaintiff's performance and the basis of the defendant's alleged breach. *Furia v. Furia*, 116 A.D. 2d 694, 695, 498 N.Y.S.2d 12, 13 (2d Dep't App. Div. 1986). "[C]ontracts must be read as a whole and all terms of a contract must be harmonized whenever reasonably possible." *Madison Hudson Associates LLC v. Neumann*, 44 A.D.3d 473, 480, 843 N.Y.S.2d 589, 595 (1st Dep't App. Div. 2007) (citing *Westmoreland Coal Co. v. Entech, Inc.,* 100 N.Y. 2d 352, 763 N.Y.S.2d 525 (2003)).

Plaintiff alleges the existence of two separate contracts. The first is for the purchase of hardware and software and implementation of the entire system, including training of Unique's employees, which is allegedly documented by the Proposal. The second is a separate Licensing Agreement setting forth the terms of Unique's agreement to license S2K Enterprise Edition software from VAI. Defendant has taken the position that only one contract was entered into, namely, the Licensing Agreement, and that no breach of the License Agreement has been alleged. Plaintiff argues that the parties' agreement was much broader than the agreement set forth in the License Agreement. According to Plaintiff, the entire agreement between the parties contained the following terms beyond the License Agreement:

- the purchase of a new computer system to run the software licensed from VAI;

- the purchase of IBM software and other third-party software to supplement the software licensed from VAI; and
- the implementation of the system (Plaintiff claims the "implementation of the software is the heart of the deal and is why Unique agreed to pay VAI substantial sums for its services." (Pl. Mem. at 3)).

### 1. *Breach Of The Proposal*

Plaintiff alleges that the Proposal "was an offer presented by VAI that was accepted by Unique and governs the dealings between the parties." Pl. Mem. at 4. Defendant argues that this claim must be dismissed because the Proposal does not constitute a binding contract because (1) it is barred by the merger clause of the License Agreement; (2) it is unenforceable for vagueness; and (3) it is barred by the Statue of Frauds. Def. Mem. at 6-10.

7

### a. Merger Clause

Plaintiff has alleged the existence of two separate contracts. Defendant contends that the merger clause of the License Agreement bars Plaintiff's argument that a second contract exists. The merger clause provides in the License Agreement that

> [t]he Licensee [Unique Photo] acknowledges that it has read this Agreement, understands it and agrees to be bound by the terms and further, agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes all proposals oral or written and all other communications between the parties relating to the subject matter of this agreement.

By its terms, this merger clause applies only to the subject matter of the agreement – Plaintiff's license of S2K Enterprise Edition software. As discussed above, the April 2007 e-mail from the Defendant contemplates more than just the licensing of software from VAI, and, in fact, provides a specific payment schedule for each of the services to be provided, specifically, the licensing of the software, the purchase of the IBM server and the implementation of the system. Accepting Plaintiff's allegations as true, as the Court must for purposes of a motion to dismiss, and based upon a review of the Proposal and other documents attached to the Amended Complaint, this license was only part of the agreement between the parties. The entire agreement also contemplated hardware and software purchases and implementation of an entirely new system. The merger clause in the Licensing Agreement, by its terms, barred only other agreements relating to the software licensing. The clause therefore does not apply to the agreements set forth in the Proposal. Accordingly, Defendant's motion to dismiss Plaintiff's claim against Defendant for breach of the terms of the Proposal on the theory that the existence of a separate contract is barred by the merger clause should be denied.

### b.     Unenforceably Void For Vagueness

Defendant also argues that "the "contract' that underlies the First Count is, in addition to its other flaws, unenforceably void for vagueness." Def. Mem. at 8.  It is Defendant's position that because the Proposal is silent as to the time for completion of the project - -  and Plaintiff argues that timing was indeed one of the salient terms of the purported contract - - the contract is unenforceable.  The cases cited by Defendant in support of this position are inapposite here.  In *Joseph Martin, Jr. Delicatessen, Inc. v. Schumacher*, 52 N.Y. 2d 105, 436 N.Y.S.2d 247 (1981), the court found that an agreement to agree upon the applicable rent in the future was an unenforceable agreement to agree.  Here, as set forth above, the parties detailed the amounts to be paid for each aspect of the services rendered, and while a total contract price was not set for the implementation of the system, the parties did discuss the hourly wage to be charged.  *See* Exh. B at 9.  Thus, as explained by the court in Schumacher, once an objective standard is set, the contract is enforceable.  In *Gleason v. Norwest Mortgage, Inc.*, 243 F.3d 130 (3d Cir. 2001), the court, in deciding a motion for summary judgment, merely restated the general proposition that under the basic rule of contract construction, the court ascertains and gives effect to the intention of the parties as expressed in the agreement.  To that end, the court construes the contract as a whole, giving effect to every portion of the instrument, if possible, and utilizing that construction rendering the agreement legal rather than one which makes it void.  *Id.* at 140. *Gleason* does not support Defendant's position that Plaintiff's breach of contract claim arising out of the Proposal must be dismissed. Accordingly, I respectfully recommend to Judge Feuerstein that Defendant's motion to dismiss Plaintiff's breach of contract claim on such grounds be denied.

### c. Statute of Frauds

According to the Defendant, the Uniform Commercial Code, which governs the sale of goods, provides that "a contract for the sale of goods is unenforceable absent a writing signed by the party against whom enforcement is sought." Def. Mem. at 9-10. Plaintiff argues that where there has been part performance of an oral agreement otherwise barred by the statute of frauds, enforcement is no longer barred.

This exception, however, only applies where "part performance [ ] is clear, certain and definite in object and design as to be unequivocally referable to the agreement, [ ] which will precipitate a fraud if the agreement is not enforced. . . ." *Paper Corporation of the U.S. v. Schoeller Technical Papers*, Inc., 724 F. Supp. 110, 117 (S.D.N.Y. 1989) (citing *Dietze v. Patterson*, 1989 WL 31483, at *3 (S.D.N.Y. Mar. 30, 1989)). "If . . . an act is equally consistent with an explanation having a basis in other than the alleged oral agreement, the part performance relied upon will not remove the agreement from the bar of the Statute of Frauds." *Id.* (citing *Cunnison v. Richardson Greenshields Sec., Inc.,* 107 A.D. 2d 50, 54, 485 N.Y.S.2d 272, 276 (1st Dep't App. Div. 1985)). Defendant has offered no other explanation for the payments made by Plaintiff over and above the $96,000 paid pursuant to the License Agreement. Thus, for purposes of the motion to dismiss, Plaintiff's allegations are sufficient and the motion to dismiss should be denied.

### 2. *Breach Of The Licensing Agreement*

Defendant has taken the position that only one contract was entered, the License Agreement, and that no breach of the License Agreement has been alleged. Plaintiff has asserted that it experienced "severe problems with the software relating to the processing of commissions, bank deposits, check printing, credit card tracking, financial summary management, hazmat and UPS shipping rates." Am. Compl. ¶¶ 38-39. In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000). Accepting Plaintiff's allegations with respect to breach of the License Agreement as true, the Court finds that Plaintiff has adequately alleged a breach of the License Agreement and therefore, Defendant's motion to dismiss should be denied. Accordingly, I respectfully recommend to Judge Feuerstein that Defendant's motion to dismiss Plaintiff's claim for breach of the License Agreement be denied.

### C. **Plaintiff's Promissory Estoppel Claim (Count Two)**

In Count Two of the Amended Complaint, Plaintiff alleges that Defendant made "clear and unambiguous promises and assurances that it would complete the installation of the System before year end 2007." Am. Compl. ¶ 63. Plaintiff admits that neither the Proposal nor the license agreement contain a deadline for completion of the installation project. *Id.,* ¶ 27.

However, Plaintiff alleges that "VAI's own actions confirm these promises." Pl. Mem. at 22. Defendant argues that Plaintiff's promissory estoppel claim must be dismissed because the existence of a binding contract precludes Plaintiff's assertion of a claim for promissory estoppel and, in addition, Plaintiff has failed to identify a "clear and definite" promise as required by New York law.

Promissory estoppel is an equitable remedy which allows Plaintiff to pursue a claim on a "promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee." Restatement (Second) of Contracts § 90(1), at 242 (1981). Promissory estoppel "is a narrow doctrine designed to enforce a contract in the interest of justice where some contract formation problem would otherwise prevent enforcement." *In re Gulf Oil/Cities Serv. Tender Offer Litig.*, 725 F. Supp. 712, 735 (S.D.N.Y.1989).

To establish a claim for promissory estoppel, Plaintiff must allege: "(1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) an injury sustained in reliance on the promise." *Air Italy S.P.A. v. Aviation Technologies, Inc.,* No. 10-CV-20, 2010 WL 2925949, at *5 (E.D.N.Y. July 21, 2010) (citing *Williams v. Eason*, 49 A.D.3d 866, 854 N.Y.S.2d 477, 479 (2d Dep't 2008)). Plaintiff alleges that VAI "promised" the system would be functional by year-end. That is a sufficiently clear and definite promise to withstand a motion to dismiss.

In addition, Defendant argues that in New York, promissory estoppel is "applicable only in the absence of an enforceable contract." *Holmes v. Lorch*, 329 F. Supp. 2d 516, 527 (S.D.N.Y. 2004) (citation omitted). However, "where Defendants dispute the existence of a valid,

enforceable contract, Plaintiffs are permitted to proceed on both contractual and quasi-contractual theories." *Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P.*, No. 08-CV-10578, 2010 WL 1257326 at *9 (S.D.N.Y. Mar. 12, 2010) (citing *Missigman v. USI Ne., Inc.*, 131 F. Supp. 2d 495, 513-14 (S.D.N.Y. 2001)). Here, Defendant contends that only one contract was entered by the parties, while Plaintiff maintains there were two. Since Defendant disputes the existence of the second contract, which according to the Amended Complaint contained the promise to complete the project by year end, Plaintiff is permitted to pursue both its claim for breach of contract and, alternatively, its claim for promissory estoppel. Accordingly, I respectfully recommend to Judge Feuerstein that Defendant's motion to dismiss Count Two of the Amended Complaint be denied.

    **D.**    <u>**Plaintiff's Quasi-Contract Claim (Count Four)**</u>

To state a claim for unjust enrichment under New York law, a claimant must allege facts establishing that: (1) the defendant benefitted; (2) the benefit came at the plaintiff's expense; and (3) "equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross and Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586 (2d Cir.2006). The theory of unjust enrichment sounds in quasi-contract. *Id.* Therefore, although proof of an enforceable contract, either oral or written, precludes recovery under the theory of unjust enrichment, Fed. R. Civ. P. 8(d) permits parties to plead alternative, even inconsistent, claims. *See Orange County Choppers, Inc. v. Olaes Enters., Inc.,* 497 F. Supp. 2d 541, 557 (S.D.N.Y. 2007). "While the law is not entirely settled on this point, the Court finds that the better reasoned and more prevalent authority in this Circuit holds that an unjust enrichment claim will not survive a motion to

dismiss when an undisputed contract exists between the parties." *Gunther v. Capital One, N.A.*, __ F. Supp. 2d __, No. 09-CV-2966, 2010 WL 1404122, at *11 (E.D.N.Y. Apr. 08, 2010) (citing *Orbit One Comm., Inc. v. Numerex Corp.*, 692 F. Supp. 2d 373, 380-81 (S.D.N.Y. 2010); *CBS Broad. Inc., v. Jones,* 460 F. Supp. 2d. 500, 506 (S.D.N.Y. 2006)).

Where "plaintiffs have not, as of yet, demonstrated the existence of an enforceable contract(s), their unjust enrichment claim is not precluded, as a matter of law." *Rodriguez v. It's Just Lunch, Int'l*, No. 07-CV-9227, 2010 WL 685009, at *11 (S.D.N.Y. Feb. 23, 2010). Here, the existence of the License Agreement is not in dispute. However, Plaintiff alleges the existence of a second separate agreement governing the entirety of the parties' relationship. Thus, it cannot be said that an undisputed agreement exists between the parties. Accordingly, I respectfully recommend to Judge Feuerstein that Defendant's motion to dismiss Plaintiff's claim of unjust enrichment be denied.

### E. Plaintiff's Breach of Warranty Claims (Counts Five and Six)

Plaintiff has asserted a claim for breach of warranty and breach of implied warranty for fitness for a particular purpose, both stemming from its purchase of the computer system from VAI. Defendant argues that these two claims should be dismissed because the alleged warranty is not contained in the License Agreement and, in fact, the License Agreement expressly disclaims any warranty "either express or implied, with respect to the license software, its merchantability or its fitness for any particular purpose." Am. Compl., Ex. C, ¶ 4. According to Plaintiff, the warranty claims "primarily relate to the goods and services provided pursuant to the Proposal . . . and fall outside the scope of the disclaimer in the License Agreement." Pl. Mem. at

14

24. Additionally, Plaintiff argues that even if the disclaimer applied, it must be deemed inoperable under UCC 2-316(a) because it is inconsistent with the express purpose of VAI's undertaking.

As discussed above, Plaintiff has alleged the existence of two separate contracts, one providing for the purchase of hardware and software as well as implementation of the computer system, and a separate one as to the License Agreement. Accepting this allegation as true, which the Court must, the question as to whether Defendant breached its warranties with respect to the separate contract is not precluded by the disclaimer language contained in the License Agreement. Accordingly, Defendant's motion to dismiss Counts Five and Six should be denied. I respectfully recommend to Judge Feuerstein that Defendant's motion to dismiss these Counts be denied.

### III. CONCLUSION

For the reasons discussed above, I respectfully recommend to Judge Feuerstein that Defendant's motion to dismiss be DENIED, in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Sandra Feuerstein, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration

of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
August 27, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge