UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNIQUE PHOTO INC.,

              Plaintiff,

      -against-                     **ORDER**
                                    08 CV 2682 (SJF)(AKT)

VORMITTAG ASSOCIATES, INC.,

             Defendants.
----------------------------------------X
FEUERSTEIN, J.

       On July 3, 2008, plaintiff Unique Photo Inc. ("Plaintiff"), commenced this action against Vormittag Associates, Inc. ("Defendant") and related parties, asserting diversity jurisdiction over several contractual claims. Plaintiff filed an amended complaint on August 31, 2009 against Defendant asserting claims of promissory estoppel, unjust enrichment, and two counts of breach of contract and of breach of warranty. Defendant filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that the parties had a written Licensing Agreement ("the Agreement"), and that any business between the parties prior to the Agreement, including Defendant's proposal to install computer hardware for Plaintiff ("the Proposal"), did not create any contractual obligations for Defendant.

       Pursuant to a Referral dated December 11, 2009, a Report and Recommendation (the "Report") of Magistrate Judge A. Kathleen Tomlinson, dated August 27, 2010, recommended that Defendant's motion to dismiss be denied in its entirety. (Report, at 15.) Upon review of the Report and consideration of Defendant's objections, the objections are overruled and the Report

1

accepted in its entirety.

I.  Discussion

   A.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "general or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." Johnson v. Connolly, No. 9:07-CV-1237, 2010 WL 2628747, at *1 (N.D.N.Y. Jun. 25, 2010). See also Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review"). The court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

B.  Defendant's Objections

Defendant claims that: (1) consideration of the Proposal as a contract is barred by the Agreement's express merger clause and the statute of frauds; (2) the Proposal is incomplete and indefinite, and unenforceable; and therefore is insufficient to sustain a promissory estoppel claim; (3) Plaintiff's pleadings are insufficient to allege a breach of the Agreement, (4) the Report does not address the limitation of liability provision in the Agreement; (5) the Report mistakenly recommended dismissing the unjust enrichment claim because of the existence of the Agreement; and (6) the Report failed to address Defendant's argument that there is no basis for Plaintiff to recover attorney's fees.

To the extent that the Defendant's arguments seek to reargue points of law in the moving papers, the Report will be reviewed for clear error. See, e.g., Johnson, 2010 WL 2628747, at *1. Objections 1, 2, and 5 listed above were made and fully briefed before Magistrate Judge Tomlinson. The Report considers Plaintiff's moving papers, Defendant's opposing papers and the specific wording of the Proposal and the relevant clauses of the Agreement. Magistrate Judge Tomlinson found Plaintiff's pleadings, including the exhibits submitted with the complaint, to fulfill the requirements set forth under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and recommended that Defendant's motion to dismiss be denied. The Report does not contain clear error and Defendant's objections 1, 2 and 5 above are overruled.

Defendant's claim that the Report does not address the argument that Plaintiff's pleadings are insufficient to allege a breach of the Agreement is incorrect. The Report considers this issue in Section B(2) titled "Breach of the Licensing Agreement." Report at 11. The section discusses

3

the allegations in the amended complaint and Defendant's arguments in support of the motion to dismiss. After applying the standard required under Rule 12(b)(6) to the pleadings, the Report recommends that the Defendant's motion to dismiss on this ground be denied. As this section contains no clear error, Defendant's objection on this ground is overruled.

Defendant contends that the report does not address the limitation of liability in the Agreement. The enforceablity of the limitation of liability provision in the Agreement is not a ground for dismissal and is not relevant to whether the Plaintiff has stated a claim for relief. See Fed. R. Civ. P. 12(b)(6). As discussed in the Report, the application of the limited liability clause in the Agreement does not affect any elements of Plaintiff's causes of action. Therefore, Defendant's objection on this ground is overruled.

Finally, Defendant claims that the Report failed to address Defendant's argument that there is no basis for Plaintiff to recover attorney's fees. Defendant initially raised this claim in a footnote in the opposition to Plaintiff's motion to dismiss. Defendant's Brief at 4. Whether Plaintiff is entitled to attorney's fees is not subject to a motion pursuant to Rule 12(b)(6) as it is not relevant to whether the complaint "state[s] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As this claim was not properly raised or argued before the Magistrate Judge Tomlinson, Defendant's objection is overruled.

II. Conclusion

For the foregoing reasons, the Report accepted in its entirety, and Defendant's motion to

dismiss the amended complaint is denied.  Defendant's request for oral argument is denied.

**SO ORDERED.**

_____
Sandra J. Feuerstein    9/29/10
United States District Judge

September 29, 2010
Central Islip, New York